UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| ROBERT ADAIR, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EQT PRODUCTION COMPANY, et al., )<br>)<br>Defendants. )<br>)<br>)<br>) | Case No. 1:10-cv-37 |

PLAINTIFF'S OPPOSITION TO
LAMBERT LAND LLC, ET AL.'S MOTION TO DISMISS

I.   INTRODUCTION

The Lambert Defendants' motion to dismiss misapplies the law of supplemental jurisdiction, and it omits key facts that weigh strongly in favor of this Court retaining jurisdiction over pendent state law claims in the unlikely event that the Court finds – with virtually no evidentiary record – that EQT's interpretation of the Virginia Gas and Oil Act is correct, and that the statute, so interpreted, does not violate the United States Constitution. In any event, the Court need not even reach the question of retaining supplemental jurisdiction because, contrary to the Lambert Defendants' argument, the Court has jurisdiction under the Class Action Fairness Act regardless of whether the Court has federal question jurisdiction.[1]

---

[1] As a procedural matter the Lambert Defendants' motion is premature, because all of their
*Footnote continued on next page*

Plaintiff's amended complaint identifies the Lambert Defendants as coal estate/interest owners with ostensible claims to coalbed methane ("CBM") ownership, whose CBM ownership claims conflict with Plaintiff's CBM ownership claim. (*See* Amended Class Action Complaint (Dkt. No. 32) ¶ 25.) In addition to joining EQT's arguments in its separate motion to dismiss,[2] the Lambert Defendants argue that if the Court's disposition of EQT's motion to dismiss leaves only state law claims remaining in the case, the Court should decline to exercise its discretion to hear the remaining state law claims, and instead it should dismiss those claims without prejudice, so that they can be brought "in Virginia state court or before a Virginia Oil and Gas Board arbitration panel pursuant to Va. Code § 45.1-361.22.1." (Brief at 5.) The Lambert Defendants' proposed course of action is contrary to the law, and it furthers neither judicial economy nor fairness to the litigants. The Court should deny their motion.

## II.   ARGUMENT

### A.   The Court Need Not Conduct A Supplemental Jurisdiction Analysis, Because Absent Federal Question Jurisdiction, The Court Would Still Retain Original Jurisdiction Over Plaintiff's Claims Under 28 U.S.C. §1332(d).

Plaintiff in his amended complaint alleges two separate and independent bases for original jurisdiction in federal court: federal question jurisdiction under 28 U.S.C. §1331; and federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), *et seq.* (Amended Class Action Complaint ¶ 27.) The Lambert Defendants in a footnote argue that absent federal question jurisdiction, the Court would be divested of original jurisdiction over Plaintiff's claims, because the "local controversy" and "home state" exceptions to 28 U.S.C.

---

*Footnote continued from previous page*
arguments in support of dismissal are contingent upon a future uncertain (and unlikely) occurrence: this Court finding that it lacks federal question jurisdiction.

[2] Plaintiff incorporates by reference his memorandum in opposition to EQT's motion to dismiss. (*See* Dkt. No. 92).

§1332(d) would apply and require remand to state court. (*See* Brief at 3 n.1.) They are incorrect. In the unlikely event that the Court were to hold that it lacks federal question jurisdiction over Plaintiff's claim for violation of the United States Constitution, original jurisdiction would continue to exist under CAFA, whose "home state" and "local controversy" exceptions to federal jurisdiction are, on their face, inapplicable here. *See* 28 U.S.C. §1332(d)(4)(A)-(B). If the Court agrees that CAFA provides it with original jurisdiction over this controversy, the Court need not even reach the question of whether it should exercise supplemental jurisdiction – discussed in Section II(B), *infra.* – in the absence of federal question jurisdiction.

Under CAFA's "home state" exception, the district court shall decline to exercise jurisdiction over cases in which two-thirds of the proposed class *"and the primary defendants* are citizens of the state in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). First, the Lambert Defendants have offered no evidence – because they have none – that two-thirds of the proposed class are Virginia citizens. Second, although "primary defendant" is not defined in the statute, other courts have looked at the following factors to make this determination: "(1) who has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by plaintiffs; or (5) is the only defendant named in one particular cause of action." *See Martin v. State Farm Auto Ins. Co.*, 2010 WL 3259418 (S.D.W.Va. Aug. 18, 2010) (quoting *Brook v. UnitedHealth Group Incorporated*, 2007 WL 2827808, at *5 (S.D.N.Y. Sept. 27, 2007)). Under any of these factors, the Lambert Defendants are plainly not the "primary defendants" in this case. Indeed, as the Lambert Defendants themselves point out on the first page of their brief, they were not even

named as parties in the original Complaint, and they have not received any benefits as a result of the improper actions of the primary defendant, EQT, which is not a Virginia citizen.

The "local controversy" provision of CAFA – which requires remand to state court in certain instances – is similarly inapplicable. That provision directs the district court to decline to exercise jurisdiction when the local defendant is *both* one "from whom significant relief is sought by members of the plaintiff class" *and* one "whose alleged conduct forms a significant basis for the claims asserted by the plaintiff class." 28 U.S.C. § 1332(d)(A). Whether the relief sought is significant and whether the conduct alleged forms a significant basis for Plaintiff's claims "requires a comparative analysis." *Martin*, 2010 WL 3259418. Although the Lambert Defendants are citizens of the state in which the action is filed, compared to primary defendant EQT, their conduct does not "form[] a significant basis for the claims" here. Nor does Plaintiff seek "significant relief" from them.

Both of CAFA's jurisdictional exceptions are inapplicable. Therefore, even in the absence of federal question jurisdiction, and even if the Court were to decide not to exercise supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims, the Court would retain original jurisdiction over this action under CAFA, 28 U.S.C. §1332(d).

### B.   If This Court Were To Find That It Lacks Original Jurisdiction Over Plaintiff's Claims, Fourth Circuit Case Law Suggests That The Court Should Retain Jurisdiction Over Plaintiff's State Law Claims.

#### 1.   Standard

If the Court were to find – contrary to the law and the facts in this case – that it lacks both federal question jurisdiction and CAFA jurisdiction over Plaintiff's claims, the Court still would have "wide latitude" to retain jurisdiction, pursuant to 28 U.S.C. § 1367(c), over pendent state law claims when the source of original jurisdiction has been removed. *See Shanaghan v. Cahill*,

58 F.3d 106, 110 (4th Cir. 1995) (reversing trial court decision to decline to retain jurisdiction over pendent state law claims).  The *Shanaghan* court emphasized that the doctrine of supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values."  *Id*. (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. at 343, 350, 108 S.Ct. 614, 619 (1966)).  A decision to retain jurisdiction pursuant to Section 1367(c) will be disturbed only upon a finding of abuse of discretion.  *See Peter Farrell Supercars, Inc. v. Monsen*, 82 Fed. Appx. 293, 297 (4th Cir. 2003) (affirming decision to retain jurisdiction).

The Fourth Circuit has established factors that district courts must consider when deciding whether to retain supplemental jurisdiction over state law claims.  "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  *Shanaghan*, 58 F.3d at 110 (citing *Cohill*, 484 U.S. at 350 n.7, 108 S.Ct. at 619 n.7)).

> 2. **Retaining Federal Jurisdiction Would Serve the Interest of Judicial Economy and Comity.**

Although the Lambert Defendants conclusorily assert that these factors favor discretionary dismissal (*see* Br. at 5), they fail to apply them to the facts of this case.  Application of the factors clarifies why the Court should deny the Lambert Defendants' motion.

First, judicial economy favors retaining jurisdiction over these claims if the Court finds that there is neither federal question jurisdiction nor jurisdiction under CAFA.  As the Court is aware, this is one of three cases pending before it concerning related disputes over the proper payments to landowners for the natural resources extracted from their properties.  *See also Hale v. CNX Gas Co., et al.*, 1:10-cv-00059 (W.D. Va. filed Sept. 23, 2010); *Legard, et al. v. EQT*

- 5 -

*Corp. and EQT Prod. Co.*, 1:10-cv-00041 (W.D. Va. filed Jun. 28, 2010), and *Healy v. Chesapeake Appalachia, L.L.C. and Columbia Energy Group*, 1:10-cv-00023 (W.D. Va. filed May 3, 2010).  The Court likely already has established familiarity with the factual and legal background of these matters, and it makes little sense to remand certain claims in this case to state court while other, related claims proceed in federal court.  Courts repeatedly have retained jurisdiction over state-law claims after gaining such a familiarity with the issues in a case, even well before trial.  *See, e.g., Ametex Fabrics, Inc. v. Just in Materials, Inc.*, 140 F.3d 101, 105-06 (2d Cir. 1998) (finding no abuse of discretion in decision to retain jurisdiction where court had supervised some discovery and a settlement conference).

Although the Lambert Defendants state that comity favors declining jurisdiction, they do not explain how the interests of comity would be served in a situation like this one, where there are other pending cases before the same Court involving some of the same issues, but no comparable class action cases in state court.  Indeed, because Virginia has no class action device, comparable litigation on behalf of all class members would be impossible in a Virginia state court.  Nor do the Lambert Defendants explain how comity will be furthered by burdening the state courts with what will be, of necessity due to the lack of a class action procedural device, dozens or hundreds of repetitive serial actions involving identical issues.  The lack of comparable state litigation, along with the pending federal cases, weigh strongly in favor of this Court retaining jurisdiction over Plaintiff's claims.

The scant authority that the Lambert Defendants cite on the comity point actually supports Plaintiff's position, and highlights why this case should remain in federal court.  In *Nolan v. Arlington County*, 2010 U.S. Dist. LEXIS 45607, at *14 (E.D. Va. May 10, 2010), a *pro se* case in which the Court dismissed an individual's claims under RICO and the Eighth

Amendment over the voiding of a rental lease, in arguing that the federal court should decline jurisdiction, the defendant pointed out that the same parties were already involved in pending litigation in state court. *See also Sachs v. City of Detroit*, 257 F. Supp. 2d 903, 915-16 (E.D. Mich. 2003) (declining to exercise supplemental jurisdiction over state-law counterclaim where parties were already involved in related state court litigation).

Further, there are no comity concerns where, as here, the issues involve "no complex interaction between the federal and state judiciaries." *See Talamantes v. Berkeley County School Dist.*, 340 F. Supp. 2d 684, 690 (D.S.C. 2004) (retaining jurisdiction over state law claims involving "straightforward application" of state law). If the Court declares that there is no federal constitutional violation in EQT's interpretation of the Virginia Gas and Oil Act, the single claim of trespass and other determinations of ownership that would remain against the Lambert Defendants hardly present the novel issues that the Lambert Defendants simply assert they do (albeit without actually identifying any such issue). As plaintiff's amended complaint and response to EQT's motion to dismiss explain, the Court has the benefit of an unambiguous Virginia Supreme Court decision and statute codifying that decision, presenting a "straightforward application" of state law. *Id.*

### 3. Retaining Jurisdiction Serves the Interest of Convenience and Fairness to the Litigants.

Convenience and fairness to the parties, the remaining relevant factor to be considered in deciding whether to exercise jurisdiction over remaining state law claims, also weighs in favor of denying the Lambert Defendants' motion. Although both the state and federal forums are equally convenient to the parties, dismissal to state court would prejudice the plaintiff and

contravene the purposes of the supplemental jurisdiction statute, which is designed to avoid any such prejudice to the plaintiff as a result of a federal court's decision to decline jurisdiction.

The supplemental jurisdiction statute, 28 U.S.C. § 1367, is written to avoid harm to the plaintiff as a result of a court's exercise of its discretion to decline to exercise jurisdiction under 28 U.S.C. § 1367(c). Dismissal under this subsection is without prejudice, and subsection (d) provides for a 30-day tolling period of the statute of limitations while plaintiff re-files in state court. Numerous courts have recognized that the statute is not intended to lessen plaintiffs' rights, let alone deprive it of a remedy altogether. *See, e.g., U.S.I. Properties Corp. v. M.D. Const. Co.*, 230 F.3d 489, 501 (1st Cir. 2000) (noting that remand to state court will leave plaintiff "no worse off" than had the case proceeded in federal court); *Smith ex rel. Lanham v. Greene County School Dist.*, 100 F. Supp. 2d 1354, 1368 (M.D. Ga. 2000) (noting that tolling period of 28 U.S.C. § 1367(d) tolls state statute of limitations to avoid "unfairness" to plaintiff).

Because of the lack of a class action procedural device in Virginia state courts, the proposed class that plaintiff seeks to represent will be prejudiced by dismissal to state court, with this case broken into a series of individual lawsuits. As noted above, this is also an inefficient course to take, because it would unnecessarily burden the state courts with multiple duplicative cases.

### III. CONCLUSION

For the foregoing reasons and for the reasons articulated in his opposition to Defendant EQT's motion to dismiss, Plaintiff respectfully requests that the Court deny the Lambert Defendants' motion to dismiss. If the Court's ruling removes federal question jurisdiction from this case, and the Court finds that an exception to jurisdiction under CAFA applies, plaintiff

respectfully requests that the Court exercise its broad discretion under 28 U.S.C. §1367 and retain jurisdiction over the remaining claims in this case.

        Respectfully submitted,

Dated:  September 24, 2010        ROBERT ADAIR

By:   *s/Peter G. Glubiak*
       Peter G. Glubiak, Esq. (VSB 31271)
       Glubiak Law Office
       P. O. Box 144
       11165 W. River Rd.
       Aylett, VA 23009
       Tel:  (804) 769-1616
       Fax:  (804) 769-1897
       glubiaklaw@aol.com

| | |
|---|---|
| Larry D. Moffett | Don Barrett |
| Daniel Coker Horton & Bell, P.A. | David M. McMullan, Jr. |
| 265 North Lamar Blvde., Suite R | Brian Herrington |
| P.O. Box 1396 | Katherine B. Riley |
| Oxford, MS  38655 | Barrett Law Group, P.A. |
| Telephone:  (662) 232-8979 | 404 Court Square North |
| Facsimile:  (662) 232-8940 | P.O. Drawer 927 |
| lmoffett@danielcoker.com | Lexington, MS 39095 |
| | Telephone: (662) 834-2488 |
| | Facsimile: (662) 834-2628 |
| | dbarrett@barrettlawoffice.com |
| | dmcmullan@barrettlawoffice.com |
| | bherrington@barrettlawgroup.com |
| | kbriley@barrettlawoffice.com |

| | |
|---|---|
| David S. Stellings<br>Steven E. Fineman<br>Jennifer Gross<br>Lieff Cabraser Heimann<br>  & Bernstein, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013\<br>Telephone: (212) 355-9500<br>Facsimile: (212) 355-9592<br>dstellings@lchb.com<br>sfineman@lchb.com<br>jgross@lchb.com | Elizabeth J. Cabraser<br>Lieff Cabraser Heimann<br>  & Bernstein, LLP<br>275 Battery Street<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br>Fascimile:  (415) 956-1004<br>ecabraser@lchb.com |
| Elizabeth Alexander<br>Lieff Cabraser Heimann<br>  & Bernstein, LLP<br>One Nashville Place 150 Fourth Avenue North<br>Suite 1650<br>Nashville, TN 37219<br>Telephone: (615) 313-9000<br>Facsimile: (615) 313-9965<br>ealexander@lchb.com | Charles F. Barrett<br>6518 Highway 100, Suite 210<br>Nashville TN 37205<br>Telephone: (615) 515.3393<br>Facsimile: (615) 515.3395<br>charles@cfbfirm.com |
| Richard R. Barrett<br>Law Offices of Richard R. Barrett, PLLC<br>1223 Jackson Avenue, Suite 203<br>Oxford, MS 38655<br>Telephone: (662) 307-7000<br>rrb@rrblawfirm.net | Jackson S. White, Jr., VSB #03677<br>The White Law Office<br>P. O. Box 286<br>Abingdon, VA 24212<br>Telephone: (276) 619-3831<br>Facsimile: (866) 516-5655<br>jackwhite@whitelawoffice.com |

894558.1

CERTIFICATE OF SERVICE

      The undersigned counsel does hereby certify that he has this day caused to be served a true and correct copy of the above and foregoing upon all counsel of record via ECF notification and/or by e-mail

Wade W. Massie, VSB # 16616
Mark E. Frye, VSB #32258
Penn Stuart & Eskridge
P.O. Box 2288
Abingdon, VA 24212
T: 276.628.5151
F: 276.628.5621
wmassie@pennstuart.com
mfrye@pennstuart.com

W. Thomas McGough, Jr.
Reed Smith, LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222
T: 412.288.3131
F: 412.288.3063
wmcgough@reedsmith.com

Stephen R. McCullough, VSB #41699
Earle Duncan Getchell, Jr., VSB #14156
Stephen M. Hall, VSB #44132
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
T: 804.786.2436
F: 804.786.1991
smccullough@oag.state.va.us
dgetchell@oag.state.va.us
shall@oag.state.va.us


and that he caused to be mailed by United States Postal Service the document to the following non-CM/ECF participants:

Arthur Amos
Abbie Lambert Amos
221 Bluffield Lane
Lancaster, VA 22503

C. W. Dotson
Mary Frances Dotson
390 Oakmont Drive
Abingdon, VA 24211

Arlie J. Lambert
491 Lake Point Drive
Piney Flats, TN 37686-4517

Greg Lambert
20387 Delano Drive
Abingdon, VA 24210

Lambert Land LLC
c/o Dennis Sutherland
Route 63, Lambert Building
Nora, VA 24272

Linda Lambert Loftin
808 Wright Avenue
Chesapeake, VA 23324

Harris McGirt
4020 E. Shorewood Drive
Hernando, FL 34442-3860

Joan Lambert McGirt
6868 Bayshore Drive
Lantana, FL 33462

G. Worth Pegram, Jr.
Bernice Lambert Pegram
3100 Shore Drive, Apt. 921
Virginia Beach, VA 23451-1162

Don Rainey
Linda Carol Rainey
7252 Timberland Drive
Radford, VA 24141

Jerry Short
Rose Lambert Short
6023 Westwood Ter B
Norfolk, VA 23508-1138

Dennis Sutherland
Charlotte Sutherland
20132 Judith Way
Abingdon, VA 24211

This the 24th day of September, 2010.

               */s/ Daniel E. Seltz*
               Daniel E. Seltz