IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| ROBERT ADAIR, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> EQT PRODUCTION COMPANY, et al., <br><br> Defendants. | Case No. 1:10-cv-00037 |

### DEFENDANT LAMBERT DEFENDANTS' OBJECTIONS TO THE U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Come now Lambert Land LLC, Arlie J. Lambert, Linda Lambert Loftin, G. Worth Pegram, Jr., Bernice Lambert Pegram, Abbie Lambert Amos, Rose Lambert Short, Harris McGirt, Joan Lambert McGirt, Greg Lambert, C. W. Dotson, Mary Frances L. Dotson, Dennis Sutherland, Don Rainey, Linda Carol Rainey, Charlotte Sutherland (collectively referred to herein as "Lambert Defendants"), by counsel, and pursuant to 28 U.S.C. § 636(b)(1)(C), object to the Report and Recommendation of the U.S. Magistrate Judge dated January 21, 2011 ("Report"), on the following grounds:

### BACKGROUND

The Lambert Defendants have been named in this action because the Plaintiff believes that they are necessary parties for the adjudication of his claims of ownership of the coalbed methane gas ("CBM") underneath the three surface tracts in which the Plaintiff alleges some ownership.

The Plaintiff alleged two bases of original jurisdiction in this case: 28 U.S.C. § 1331 (federal jurisdiction arising from the constitutional claim) and 28 U.S.C. 1332(d)(2) (class action jurisdiction arising from the class action claims) (Amended Complaint ¶¶ 26-29). The Plaintiff also alleged supplemental jurisdiction under 28 U.S.C. § 1367. Id. The Lambert Defendants filed a Motion to Dismiss urging the Court to decline to exercise its supplemental jurisdiction should it find that the Plaintiff has no valid constitutional claim and that the Plaintiff has failed to name the other necessary parties—the other unnamed owners of severance deeds the Plaintiff alleges do not grant the right to CBM. (Docket Entry 93-94.)

In her Report, the U.S. Magistrate Judge found there is no constitutional violation. (Report at 23-40, 55-56—Recommendations 6 & 7.) The U.S. Magistrate Judge did not, however, recommend that the case should be dismissed for failure to name necessary parties. (Report at 52-54, 57—Recommendation 18.)

ARGUMENT

The Lambert Defendants object to recommendations 18 and 19 of the U.S. Magistrate Judge's Report. EQT has set forth specific objections to recommendation 18, and the Lambert Defendants adopt those and incorporate those by reference herein. See EQT Production Company's Objections to Magistrate Judge's Report and Recommendation of January 21, 2011, at 24-25 (Docket Entry 179).

The Lambert Defendants have no knowledge regarding any information that EQT may or may not possess concerning the identity of other possible so-called "coal owner" defendants. However, the Lambert Defendants submit to the Court that based upon the exemplar of their own status as named defendants and the Virginia Oil and Gas Board files that are part of the record on

the pending motions to dismiss, that properly identifying all of the so-called "coal owners" is not as simple as "press[ing] two buttons and giv[ing] them to us before noon." Transcript, Hearing of September 28, 2010, at 81 (Docket Entry 122).

The Board files concerning the three tracts in this case identified at least five (5) individuals who are deceased and whose interests passed to other individuals. See Suggestion of Death (Docket Entry 95). In addition, the Board files contained incorrect and obsolete contact information for several of the Lambert Defendants. In this particular case, the Lambert Defendants voluntarily appeared before this Court after one of the family members was properly served. Other so-called "coal owner" defendants incorrectly referenced in the Board files regarding other tracts might not necessarily appear before the Court voluntarily, even presuming they somehow receive actual notice that they had been named or attempted to be named as defendants. That compilations of information regarding possible defendants exist does not abrogate the Plaintiff's responsibility to actually investigate, properly name, and serve the proper indispensible parties.

In recommendation 19, the U.S. Magistrate Judge suggested that the Court deny the Lambert Defendants' Motion to Dismiss "insofar as it urges the court to decline to exercise jurisdiction over Adair's pendent state law claim seeking a determination of the ownership of the CBM." (Report at 57.)

The U.S. Magistrate Judge's reasoning was that because she has "not recommended that all claims against EQT be dismissed" and because "should the court allow this matter to proceed as a class action, the court would have diversity jurisdiction over CBM ownership based upon a member of the class being a citizen of a state different from one of the defendants. See 28 U.S.C. § 1332(d)(2)(A)."

The Report recommends dismissal of the Plaintiff's constitutional claim, which is the basis for pedent jurisdiction.  In addition, as acknowledged by both the Plaintiff and EQT, the "coal owner" defendants are necessary and indispensible parties required in order for the class claims to proceed.  (Report at 52.)  Should the Court overrule the U.S. Magistrate Judge's recommendation 18, this case would be dismissed with respect to the class claims of CBM ownership as against all other necessary parties (the unnamed "coal owner" defendants).  Under these circumstances, the Court should decline to exercise its supplemental jurisdiction over the remaining claims under long standing principles concerning the proper exercise of supplemental jurisdiction.  Stanley v. Gray, No. 2:06cv00031, 2007 U.S. Dist. LEXIS 9508, *17 (W.D. Va. Feb. 11, 2007) (citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001)).  The case would be reduced to Robert Adair's claims against EQT and the Lambert Defendants concerning the three pooling units in which he alleges an interest.  There would not be complete diversity of the parties as required under 28 U.S.C. 1332(a) because the Plaintiff is a citizen of Virginia and the Lambert Defendants include numerous citizens of Virginia.

Because of recommendation 18, the Report does not directly address the foregoing.  Therefore, the Lambert Defendants object to the Report, request that the Court not adopt recommendations 18 and 19 of the Report, and grant the Lambert Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 16(b)(6) and (7).

> LAMBERT LAND LLC
> ARLIE J. LAMBERT
> LINDA LAMBERT LOFTIN
> G. WORTH PEGRAM, JR.
> BERNICE LAMBERT PEGRAM
> ABBIE LAMBERT AMOS
> ROSE LAMBERT SHORT
> HARRIS MCGIRT
> JOAN LAMBERT MCGIRT

        GREG LAMBERT
        C. W. DOTSON
        MARY FRANCES L. DOTSON
        DENNIS SUTHERLAND
        DON RAINEY
        LINDA CAROL RAINEY
        CHARLOTTE SUTHERLAND

        By Counsel


        */s/ Eric R. Thiessen*
        Eric R. Thiessen
          VSB No. 40683
        McELROY, HODGES, CALDWELL &
          THIESSEN
        330 Cummings Street
        P.O. Box 429
        Abingdon, VA  24212
        Tel: 276/628-9515
        Fax: 276/628-7808
        ethiessen@mcelroyhodges.com

CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification to the following:

Brian Herrington

Charles Barrett

David Malcolm McMullan, Jr.

David S. Stellings

Don (John) William Barrett

Elizabeth A. Alexander

Jennifer Gross

Katherine B. Riley

Larry D. Moffett

Peter Gerard Glubiak

Richard R. Barrett

Steven E. Fineman

Wade W. Massie

Mark E. Frye

Stephen Richard McCullough

  /s/ *Eric R. Thiessen*