UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| ROBERT ADAIR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>EQT PRODUCTION COMPANY, ARLIE J. LAMBERT & ANN P. LAMBERT, RAYMOND LOFTIN & LINDA LAMBERT LOFTIN, G. WORTH PEGRAM, JR. & BERNICE LAMBERT PEGRAM, ARTHUR AMOS & ABBIE LAMBERT AMOS, JERRY SHORT & ROSE LAMBERT SHORT, HARRIS McGIRT & JOAN LAMBERT McGIRT, GREG LAMBERT, C. W. DOTSON & MARY FRANCES L. DOTSON, OCIE G. SUTHERLAND, DENNIS SUTHERLAND & CHARLOTTE SUTHERLAND, DON RAINEY & LINDA CAROL RAINEY, LAMBERT LAND LLC, and JOHN DOES A-Z,<br><br>Defendants. | Case No. 1:10-cv-00037 |

**PLAINTIFF'S RESPONSE TO LAMBERT DEFENDANTS' OBJECTIONS TO THE U.S. MAGISTRATE'S REPORT AND RECOMMENDATIONS**

The Lambert Defendants are coal estate/interest owners whose claims to coalbed methane ("CBM") ownership purportedly conflict with Plaintiff's CBM ownership claim. (*See* Amended Class Action Complaint (Dkt. No. 32) ¶ 25.) In addition to joining EQT Production Company's ("EQT's") arguments in favor of EQT's motion to dismiss, the Lambert Defendants argued that the Court should exercise its discretion to decline to hear the pendent state law claims that Plaintiffs have asserted against it and EQT if the Court dismissed Plaintiff's constitutional claim, which the Lambert Defendants contended would remove subject matter jurisdiction arising under a federal question. In her Report and Recommendations ("Report"), Magistrate Judge Sargent rejected these arguments, holding that the Court still had jurisdiction over the claims asserted

1

against EQT and the coal owner defendants.  (*See* Dkt. No. 177, at 54-55.)  The Lambert Defendants have objected to this aspect of the Report. (*See* Dkt. No. 181.)  However, their objections continue to misstate the multiple bases for the Court's jurisdiction over these claims, and should be overruled.

The Lambert Defendants first join EQT's objection to Magistrate Judge Sargent's recommendation that Plaintiff's complaint not be dismissed for failure to join the individuals and entities whose interest in CBM ostensibly conflicts with those of the Class members. Recognizing that "courts should take a pragmatic approach to deciding motions to dismiss for failure to join a party" (Report at 54), Magistrate Judge Sargent recommended that the court deny Defendants' motions for failure to name each of the individual coal owners.  Plaintiff incorporates by reference his response to EQT's arguments in his opposition to EQT's original motion to dismiss (Dkt. No. 92) and to EQT's objections to the Report.  (*See* Dkt. No. 188.)[1]

The Lambert Defendants then object to the Report's recommendation that the Court not decline to exercise its jurisdiction over Plaintiff's pendent state law claim.  Plaintiff pointed out in opposing the Lambert Defendants' motion to dismiss that the Court has "wide latitude" to retain jurisdiction, pursuant to 28 U.S.C. § 1367(c), over pendent state law claims.  (*See* Dkt. No. 92, at 4-5, citing *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (reversing trial court decision to decline to retain jurisdiction over pendent state law claims).)  "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110 (citing *Cohill*, 484 U.S. at 350 n.7, 108 S.Ct. at 619 n.7)).  The factors supporting the exercise of supplemental jurisdiction all weigh in its favor here, as

---

[1] It is not clear what the Lambert Defendants' statements (Objections at 2-3) about the purported difficulty of locating other coal owners or about Plaintiff's "responsibility" to name other parties have to do with Magistrate Judge Sargent's Report, or what purpose they serve, given their acknowledgement that they possess no information about EQT's records.  (*Id.* at 2.)

Plaintiff explained in opposing the Lambert Defendants' motion to dismiss.  (*See* Dkt. No. 92, at 5-8.)

However, as Magistrate Judge Sargent correctly stated, a supplemental jurisdiction analysis is not necessary, because the Court has independent subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) (providing for federal jurisdiction over class actions in which the amount in controversy exceeds $5 million and there is minimal diversity).[2]  CAFA jurisdiction attaches with the filing of the complaint, unquestionably continues up to a decision on class certification, and according to most courts who have considered the issue, continues even after a denial of class certification.  *See, e.g., Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806-07 (7th Cir. 2010) (holding that CAFA jurisdiction continues after denial of class certification); *Delsing v. Starbucks Coffee Corp.*, No. 08-cv-1154, 2010 WL 1507642, at *2 (D. Minn. Apr. 14, 2010) (same); *In re Burlington Northern Santa Fe Rwy. Co.*, 606 F.3d 379, 381 (7th Cir. 2010) (holding that CAFA jurisdiction does not evaporate even where plaintiff elects not to pursue class certification).  It continues to provide jurisdiction here independent of pendent jurisdiction.

For these reasons, the Lambert Defendants' objections to Magistrate Judge Sargent's Report and Recommendations should be overruled.

---

[2] The Lambert Defendants have apparently abandoned their argument that any exception to CAFA jurisdiction applies here.

3

Respectfully submitted,

Dated:  February 18, 2011 **PLAINTIFF ROBERT ADAIR**

By:   /s/ *David S. Stellings*

David S. Stellings
Steven E. Fineman
Daniel E. Seltz
Jennifer Gross
Lieff Cabraser Heimann
  & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592
dstellings@lchb.com
sfineman@lchb.com
dseltz@lchb.com
jgross@lchb.com

Peter G. Glubiak, VSB #31271         Don Barrett
Glubiak Law Office                   David M. McMullan, Jr.
11165 West River Road                Brian Herrington
P.O. Box 144                         Katherine B. Riley
Aylett, VA  23009                    Barrett Law Group, P.A.
Telephone:  (804) 769-1616           404 Court Square North
Facsimile:   (804) 769-1897          P.O. Drawer 927
glubiaklaw@aol.com                   Lexington, MS  39095
                                     Telephone:  (662) 834-2488
                                     Facsimile:   (662) 834-2628
                                     dbarrett@barrettlawgroup.com
                                     dmcmullan@barrettlawgroup.com
                                     bherrington@barrettlawgroup.com
                                     kbriley@barrettlawgroup.com

Larry D. Moffett                     Elizabeth J. Cabraser
Daniel Coker Horton & Bell, P.A.     Lieff Cabraser Heimann
265 North Lamar Blvd., Suite R         & Bernstein, LLP
P. O. Box 1396                       275 Battery Street
Oxford, MS 38655                     San Francisco, CA 94111
Telephone: (662) 232-8979            Telephone:  (415) 956-1000
Facsimile:  (662) 232-8940           ecabraser@lchb.com
lmoffett@danielcoker.com

4

| | |
|---|---|
| Elizabeth Alexander<br>Lieff Cabraser Heimann<br>  & Bernstein, LLP<br>One Nashville Place<br>150 Fourth Avenue North<br>Suite 1650<br>Nashville, TN 37219<br>Telephone:  (615) 313-9000<br>Facsimile: (615) 313-9965<br>ealexander@lchb.com | Charles F. Barrett<br>6518 Highway 100, Suite 210<br>Nashville TN 37205<br>Telephone: (615) 515.3393<br>Facsimile: (615) 515.3395<br>charles@cfbfirm.com |
| Richard R. Barrett<br>Law Offices of Richard R. Barrett, PLLC<br>1223 Jackson Avenue, Suite 203<br>Oxford, MS 38655<br>Telephone: (662) 307-7000<br>rrb@rrblawfirm.net | Jackson S. White, Jr., VSB #03677<br>The White Law Office<br>P. O. Box 286<br>Abingdon, VA 24212<br>Telephone: (276) 619-3831<br>Facsimile:  (866) 516-5655<br>jackwhite@whitelawoffice.com |

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that he has this day served a true and correct copy of the above and foregoing upon all counsel of record via ECF notification and/or by e-mail

Wade W. Massie
Penn Stuart & Eskridge
P. O. Box 2288
Abingdon, VA 24212
wmassie@pennstuart.com

Mark E. Frye
Penn Stuart & Eskridge
P. O. Box 2009
Bristol, VA 24203-2009
mfrye@pennstuart.com

W. Thomas McGough, Jr.
Reed Smith, LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222
wmcgough@reedsmith.com

Stephen R. McCullough
Earle Duncan Getchell, Jr.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
smccullough@oag.state.va.us
dgetchell@oag.state.va.us

Eric R. Thiessen
McElroy Hodges Caldwell & Thiessen
330 Cummings Street
P. O Box 429
Abingdon, VA 24212
ethiessen@mcelroyhodges.com

This the 18th day of February, 2011.

                              s/ Daniel E. Seltz
                              Daniel E. Seltz
                              Attorney for Plaintiff