**Lieff
Cabraser
Heimann &
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

September 4, 2012

David S. Stellings
Partner
dstellings@lchb.com

**VIA ECF**

Hon. Pamela Meade Sargent
United States Magistrate Judge
United States District Court for the Western District of Virginia
180 W. Main Street
P.O. Box 846
Abingdon, VA 24212

RE:   *Adair v. EQT Prod. Co.*, 1:10-cv-00037; *Adkins v. EQT Prod. Co.*, 1:10-cv-00041; *Adkins v. EQT Prod. Co.*, 1:11-cv-00031

Dear Judge Sargent:

As Your Honor is aware, Plaintiffs have moved for class certification in the three cases referenced above. The purpose of this letter is to address three issues related to those motions.

### I.   Oral Argument

Plaintiffs respectfully request that the Court hold oral argument on Plaintiffs' motions. If the Court wishes to suggest to the parties available dates beginning September 19, Plaintiffs' counsel will work with counsel for EQT to find a mutually agreeable date and report back to the Court.

### II.   Mrs. Adkins' "Free Use" Clause

In the *Adair* case and the *Adkins* case formerly known as the *Legard* case, EQT submitted lengthy sur-replies. The vast majority of those briefs repeated arguments that EQT previously made and that Plaintiffs addressed in their reply briefs. However, in its sur-reply brief submitted in the *Adkins* case formerly known as the *Legard* case (Doc. No. 228 in 1:10-cv-00041), EQT made a new assertion that we wish to address prior to oral argument so that the Court has the benefit of both of the parties' views on this issue.

In its sur-reply, EQT asserts that Mrs. Adkins' leases expressly allow EQT to use gas as fuel for its operations on the leased premises; that such leases are, therefore, not "silent" on deductions; and that, as a result, Mrs. Adkins is not a member of the Class and is not a proper class representative. (Doc. 228 at pp. 16, 19, and 20 of 42.) EQT's argument is simply incorrect.

Hon. Pamela Meade Sargent
September 4, 2012
Page 2

It is very common for a lease to contain a provision expressly allowing the lessee to use some of the gas it produces for fuel for its operations on the leased premises. EQT quotes such a provision from one of Mrs. Adkins' leases in its sur-reply (Doc. 228, at p. 16 of 42). Each of Mrs. Adkins' other leases provides that "gas produced from any well or wells may be taken by Lessee for fuel in its operation on said premises, free of charge . . . ." (*See* Doc. 221-13 (submitted with Plaintiff's class certification reply), at pp. 7, 11, and 16 of 18.)

Such "free use" clauses simply mean that royalties are <u>not</u> <u>owed</u> on those "free use" volumes. This case concerns, on the other hand, the improper calculation of the royalties EQT is obligated to pay (*i.e.*, royalties on gas volumes other than the "free use" volumes).[1] In other words, this case is about gas on which royalties are owed; it is not about "free use" gas on which no royalties are owed.

Contrary to EQT's assertions, Mrs. Adkins' leases are, in fact, "silent" as to the deduction of costs that may be taken in calculating the royalties EQT owes under the leases. She is, therefore, a member of the class and a proper class representative.

### III.  Class Definitions

Finally, the parties have made arguments in the voluminous briefing about the class definitions, and Plaintiffs have proposed certain modifications to those definitions in the course of the briefing, in part in response to concerns that EQT raised. For the Court's convenience and the sake of clarity, what follows are Plaintiffs' proposed class definitions for each of the three cases.[2]

*Adair* **(1:10-cv-37) Class**:

> Each person who has been identified by EQT Production Company or its predecessor(s) ("EQT") as an "unleased" owner of gas estate interests in a tract included in a force-pooled coalbed methane gas unit operated by EQT in Buchanan, Dickenson, Lee, Russell, Scott,

---

[1] For example, the volumetric deductions that are the subject of Mrs. Adkins' and the class members' claims do not pertain to gas EQT used for fuel in its operations on the leased premises, but instead pertain to <u>downstream</u> operations, such as gathering and compression. Additionally, as EQT notes in its sur-reply (Doc. 228 at p. 13 of 42), those downstream operations were, at least since 2005, not even EQT's ("its") operations, but operations of other entities, including Nora Gathering, LLC, and EQT Gathering Equity, LLC.

[2] Rule 23(c)(1)(B) and Rule 23(d)(1) invest the Court with discretion to define the scope of the class, and the Court has wide latitude in its order defining the class. *See, e.g.*, 3 Newberg on Class Actions § 7:37 (4th ed. 2002) (noting that class "[r]edefinitions may be designed merely to permit more precise identification of the class alleged, or as a modification that affects the scope of the action").

Hon. Pamela Meade Sargent
September 4, 2012
Page 3

or Wise Counties, Virginia, and whose ownership of the coalbed methane gas attributable to that tract has been further identified by EQT as being in conflict with a person(s) identified by EQT as owning coal estate interests and not gas estate interests in the tract, according to filings made by EQT with the Virginia Gas and Oil Board and/or according to orders entered by the Virginia Gas and Oil Board pursuant to EQT's filings.

The Class excludes (a) EQT, and (b) any person who serves as a judge in this civil action and his/her spouse. The Class also excludes each gas estate owner who has entered a written agreement with a purported coal estate owner settling alleged conflicting claims of coalbed methane ("CBM") ownership between them; provided, however, that this exclusion does not extend to those interests or rights of any such gas estate interest owner regarding lands, CBM units, CBM royalties, and/or CBM proceeds that are not expressly covered and settled by any such settlement agreement.

### *Adkins (formerly Legard)* **(1:10-cv-41) Class**:

Each person to whom Equitable Production Company or its predecessors ("EQT") has paid or is currently paying royalties under a lease(s) on gas produced by EQT in the Commonwealth of Virginia and whose lease is silent as to the deduction of costs, according to business records maintained by EQT.

The Class excludes (a) EQT; (b) the federal government; (c) any person who serves as a judge in this civil action and his/her spouse; (d) any person who operates a gas well in Virginia; and (e) any person who holds a working interest ownership in a well operated by EQT in Virginia.

### *Adkins* **(1:11-cv-31) Ownership Class**:

Each person who has been identified by Equitable Production Company or its predecessors ("EQT") as the owner and lessor of gas estate interests in a tract included in a coalbed methane gas unit operated by EQT in Buchanan, Dickenson, Lee, Russell, Scott, or Wise County, Virginia (and all other Virginia counties in which EQT operates or has operated CBM wells/units), and whose ownership of the coalbed methane gas attributable to that tract has been further identified by EQT as being in conflict with a

Hon. Pamela Meade Sargent
September 4, 2012
Page 4

>person(s) identified by EQT as owning coal estate interests and not gas estate interests in the tract.
>
>The Class excludes (a) EQT; (b) any person who serves as a judge in this civil action and his/her spouse; (c) any person who operates a gas well in Virginia; and (d) any person who holds a working interest ownership in a well operated by EQT in Virginia. The Class also excludes each gas estate owner who has entered a written agreement with a purported coal estate owner settling alleged conflicting claims of coalbed methane ("CBM") ownership between them; provided, however, that this exclusion does not extend to those interests or rights of any such gas estate owner regarding lands, CBM units, and/or CBM royalties that are not expressly covered and settled by any such settlement agreement.

### *Adkins* (1:11-cv-31) Underpayments Subclass:

Each person who is a member of the *Adkins* (1:11-cv-31) Class and whose lease is silent as to the deduction of costs. The same exclusions that apply to the *Adkins* Ownership Class apply to this Subclass.

Thank you for your attention to these matters.

Very truly yours,

David S. Stellings

cc: All counsel (via ECF)

1055566.1