IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| ROBERT ADAIR, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EQT PRODUCTION COMPANY,<br><br>    Defendant. | Case No. 1:10-cv-00037 |
| JULIE A. KISER, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EQT PRODUCTION COMPANY,<br><br>    Defendant. | Case No. 1:11-cv-00031 |

<u>MEMORANDUM IN SUPPORT OF DEFENDANT EQT PRODUCTION
COMPANY'S MOTION TO AMEND THE CLASS DEFINITIONS</u>

Defendant EQT Production Company ("EQT"), by counsel, submits this memorandum in support of its motion to amend the class definitions.

    I.    INTRODUCTION

The Court has certified a class in *Adair* including

Bristol: 394801-1

> Each person, or their successors-in-interest, who has been identified by EQT Production Company or its predecessors ("EQT") as the unleased owner of gas and lessor of gas estate interests in a tract included in a force-pooled coalbed methane gas ("CBM") unit operated by EQT in Buchanan, Dickenson, Lee, Russell, Scott, and/or Wise County, Virginia, and whose ownership of the coalbed methane gas attributable to that tract has been further identified by EQT as being in conflict with a person or persons identified by EQT as owning coal estate interests and not gas estate interests in the tract, according to filings made by EQT with the Virginia Gas and Oil Board ("the Board") and/or according to orders entered by the Board pursuant to EQT's filings.
>
> The Class excludes (a) EQT; (b) any person who serves as a judge in this civil action and his or her spouse; (c) any gas estate owner who has entered into a written agreement with a purported coal estate owner settling alleged conflicting claims of CBM ownership between them, provided, however, that this exclusion does not extend to those interests or rights of any such gas estate interest owner regarding lands, CBM units, CBM royalties, and/or CBM proceeds that are not expressly covered and settled by any such settlement agreement; and (d) any gas estate owner who has received a judicial determination of ownership regarding alleged conflicting claims of CBM ownership, provided, however, that this exclusion does not extend to those interests or rights of any such gas estate interest owner regarding lands, CBM units, CBM royalties, and/or CBM proceeds that are not expressly covered and settled by any such judicial determination.

*Adair* Docket No. 472 at 2 of 3.

> The class members in *Kiser* include:
>
> Each person, or their successors-in-interest, who has been identified by EQT Production Company or its predecessors ("EQT") as the owner of gas and lessor of gas estate interests in a tract included in a coalbed methane gas ("CBM") unit operated by EQT in Buchanan, Dickenson, Lee, Russell,

>Scott, and/or Wise County, Virginia (and all other Virginia counties in which EQT operates or has operated CBM wells or units), and whose ownership of the CBM attributable to that tract has been further identified by EQT as being in conflict with a person or persons identified by EQT as owning coal estate interests and not gas estate interests in the tract, according to filings made by EQT with the Virginia Gas and Oil Board ("the Board") and/or according to orders entered by the Board pursuant to EQT's filings.
>
>The Class excludes (a) EQT; (b) any person who serves as a judge in this civil action and his or her spouse; (c) any gas estate owner who has entered into a written agreement with a purported coal estate owner settling alleged conflicting claims of CBM ownership between them, provided, however, that this exclusion does not extend to those interests or rights of any such gas estate interest owner regarding lands, CBM units, CBM royalties, and/or CBM proceeds that are not expressly covered and settled by any such settlement agreement; and (d) any gas estate owner who has received a judicial determination of ownership regarding alleged conflicting claims of CBM ownership, provided, however, that this exclusion does not extend to those interests or rights of any such gas estate interest owner regarding lands, CBM units, CBM royalties, and/or CBM proceeds that are not expressly covered and settled by any such judicial determination.

*Kiser* Docket No. 260 at 2 of 3.

In addition, there is a subclass in *Kiser*, which includes: "Each person who is a member of the Class defined hereinabove and whose lease is silent as to the deduction of costs." *Id*. at 3 of 3.

## II.   STANDARD OF REVIEW

The orders granting class certification may be amended at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C). As the Court has recognized, it "'is duty

bound to monitor [the] class decision'" and to "amend its class certification'" where necessary. *Adair* Docket No. 442 at 82-83 of 85 (quoting *Chisolm v. TranSouth Fin. Corp.*, 194 F.R.D. 538, 544 (E.D. Va. 2000)).

In considering EQT's motion to amend the class definitions, the Court "has a duty to ensure that the class is properly constituted" and has "broad discretion" to grant the motion. *E.g. Brooklyn Center for Independence of the Disabled v. Bloomberg*, 290 F.R.D. 409, 420 (S.D.N.Y. 2012) (quoting James Wm. Moore *et al.*, Moore's Federal Practice § 23.21[6]).

While EQT is the moving party, the burden remains on plaintiffs to demonstrate that class certification is proper. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011); *Chisolm*, 194 F.R.D. at 544-45; *Brooks v. GAF Material Corp.*, 284 F.R.D. 352, 360 (D.S.C. 2012). In filing this motion, EQT adheres to its position that classes should not have been certified.

### III.   ARGUMENT

####    A.   The Class Definitions Should Exclude Persons Who Are Parties to Pending Cases to Determine Ownership of the Gas Estate or Coalbed Methane Gas

Under the existing class definitions, there is an exception for gas owners who have already obtained a judicial determination of ownership, but not for gas owners who are parties to pending cases to determine ownership. Parties to pending cases should be excepted for two reasons:

5

First, the plaintiffs are seeking summary judgment based on the schedules and notices of voluntary pooling prepared by EQT. However, the persons who have been listed as gas owners may not actually be gas owners in some situations. For example, the pooling orders for a tract in Buchanan County tract list "Yellow Poplar Lumber Company" or "Gallie Friend, Trustee for the Estate of Yellow Poplar Lumbar Company" as the claimant through the gas estate and Range Resources-Pine Mountain, Inc. ("Range") as the claimant through the coal estate. Plum Creek Timberlands, L.P. has filed suit in this Court, alleging that it is the owner of the gas estate on the tract, not Yellow Poplar. *Plum Creek Timberlands, L.P. v. Yellow Poplar Lumber Co.*, No. 1:13cv00062. Range has filed a counterclaim also claiming ownership of the gas estate through a separate gas title. And a group of surface owners also claims the gas estate on a portion of the property.

Second, because the ownership claim has been certified under Rule 23(b)(2), parties in pending suits cannot opt out of the class or rely upon their own deeds as allowed by the Gas and Oil Act. Instead, class members are bound by plaintiffs' novel legal theory that ownership can be decided based entirely on the schedules and notices prepared by EQT. The parties to pending cases should have the right to have their cases decided on their own title papers.

6

### B. The Class Definitions Should Exclude Persons Who Operate or Hold a Working Interest in a Gas Well in Virginia

Operators of gas wells and working interest owners of gas wells have an interest in avoiding the claims being made by the plaintiffs in these cases – that royalties have been underpaid. Consequently, operators and working interest owners should be excluded from the class. *See, e.g., Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1190 (11th Cir. 2003) (class certification is not proper where some class members derive a net economic benefit from the very same conduct alleged to be wrongful by the named representative) (citing *Morris v. McCaddin*, 553 F.2d 866, 870-71 (4th Cir. 1977)); *Phillips v. Klassen*, 502 F.2d 362, 366 (D.C. Cir. 1974) ("Unless the relief sought by the [named plaintiffs] can be thought to be what would be desired by the other members of the class, it would be inequitable to recognize plaintiffs as representative, and a violation of due process….")

EQT understands that plaintiffs agree that exceptions for operators of wells and working interest owners are appropriate. *See Adair* Docket No. 463 at 37 of 52.

### IV. CONCLUSION

For these reasons, EQT's motion to amend the class definitions should be granted.

EQT PRODUCTION COMPANY

By Counsel

Stephen M. Hodges
 VSB No. 1220
Wade W. Massie
 VSB No. 16616
Mark E. Frye
 VSB No. 32258
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
wmassie@pennstuart.com

By */s/ Wade W. Massie*
    Wade W. Massie

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ *Wade W. Massie*
Wade W. Massie